HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD STONEY,

        Plaintiff,

v.

MASON COUNTY,

        Defendant.

CASE NO. C14-5535 RBL

ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IFP AND FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff Donald Stoney's application to proceed *in forma pauperis*. [Dkt #1] For the reasons below, the application is DENIED.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis*

1 complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Stoney's complaint appears to lack merit. He alleges that Mason County was negligent, corrupt, and denied him his rights during a court proceeding in which he was convicted of a DUI. He makes a conclusory assumption that the prosecution's witnesses committed perjury, leading to a wrongful conviction. He also objects to being sent to jail after the conviction, which cost him his job. His unsubstantiated claims present no cognizable legal theory. He also has no reason to object to punishment after being convicted of a crime. The Motion to Proceed *in forma pauperis* is DENIED.

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

Stoney has not fully completed the application for Court-appointed counsel. His only stated justification for requiring Court-appointed counsel is that he has spoken with a few

1 | attorneys who do not "want to deal with Mason County." Assuming he does complete it at some
2 | point, the Court has denied leave to proceed *in forma pauperis*, so it must similarly conclude that
3 | the proposed complaint lacks sufficient merit to justify appointment of counsel.

4 |   For the reasons stated above, the applications to proceed *in forma pauperis* and for Court-
5 | appointed counsel are **DENIED**.  Plaintiff has 15 days to pay the filing fees or the case may be
6 | dismissed.

7 |   Dated this 26th day of July, 2014.

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION TO
PROCEED IFP AND FOR APPOINTMENT OF
COUNSEL - 3